Filed 8/27/14  P. v. Cortez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS CORTEZ,<br><br>    Defendant and Appellant. | B255793<br><br>(Los Angeles County<br>Super. Ct. No. BA414681) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie A. Swain, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 9, 2013 at 3:55 a.m., appellant Carlos Cortez and his three companions assaulted and robbed two men. The victims identify as gay and were called "faggots" repeatedly, and one of the assailants brandished a gun.

Appellant was charged with robbery (Pen. Code, § 211), attempted robbery (Pen. Code, §§ 664/211), and two counts of assault by force (Pen. Code, § 245, subd. (a)(4)). Appellant was alleged to have committed the crimes with a firearm for the benefit of a street gang (Pen. Code, § 186.22, subd. (b)(1), Pen. Code, § 12022.53, subd. (b)), and was also subject to a hate crime enhancement. (Pen. Code, § 422.75, subd. (b).) Appellant filed a Penal Code section 995 motion to challenge the gun use allegation, and it was amended to allege only that a principal in offense, not appellant himself, was armed with a gun. The assault charge was amended to allege assault with a gun rather than by force. (Pen. Code, § 245, subd. (a)(2).)

Appellant pled no contest to robbery and one of the assault charges, and admitted the gang, gun, and hate crime enhancements. The court sentenced appellant to 12 years in state prison and awarded him 198 days actual custody credit and 30 days good time/work time credit. He was also assessed a $10 crime prevention fine (Pen. Code, § 1202.5), a $30 criminal convictions assessment (Gov. Code, § 70373), and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)). A $300 restitution fine (Pen. Code, § 1202.4(b)), and a $300 mandatory supervision restitution fine (Pen. Code, § 1202.45) were also assessed and suspended.

Appellant filed a timely appeal. We appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. We advised appellant he had 30 days to submit any contentions or issues he wished us to consider. He filed a letter brief in which he argued that at the sentencing hearing he was unaware he was admitting the truth of the firearm, hate crime, and gang allegations.

The argument is without merit. At sentencing, the trial court asked appellant, "As to the allegation pursuant to Penal Code section 186.22(b) that the crime was committed for the benefit of, at the direction of and in association with a criminal street gang, do you

2

admit or deny this allegation?" Appellant replied, "Admit." The court asked, "As to the allegation pursuant to Penal Code section 12022.53(b) that a principal, meaning someone other than you, used a firearm, do you admit or deny this allegation?" Appellant replied, "Admit." The court asked, "As to the allegation pursuant to Penal Code section 422.75, that is, that the crime was committed as a hate crime, do you admit or deny this allegation?" Appellant replied, "Admit." His counsel stipulated to a factual basis for the admissions and the court found them to be true. The record thus reflects that appellant knowingly admitted the firearm, hate crime, and gang allegations.

We have examined the rest of the record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441. Appellant's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of appellant's appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5.) The record fails to demonstrate any such issue exists.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.